IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IROQUOIS MASTER FUND LTD., On Behalf of Itself and All Others Similarly Situated, | § § § § | |
| Lead Plaintiff-Below, Appellant, | § § § § | |
| v. | § § | |
| | § | No. 109, 2014 |
| ANSWERS CORPORATION, ROBERT S. ROSENSCHEIN, YEHUDA STERNLICHT, MARK B. SEGALL, W. ALLEN BEASLEY, R. THOMAS DYAL, MARK A. TEBBE, LAWRENCE S. KRAMER, SUMMIT PARTNERS L.P., AFCV HOLDINGS, LLC, and A-TEAM ACQUISITION SUB, INC., | § § § § § § § § § § § | Court Below: Court of Chancery of the State of Delaware<br><br>Consol. C.A. No. 6170-VCN |
| Defendants-Below, Appellees. | § § | |

Submitted: December 3, 2014
Decided: December 4, 2014

Before **STRINE**, Chief Justice; **RIDGELY**, **VALIHURA**, and **VAUGHN**, Justices; **SILVERMAN**, Judge,[*] constituting the Court *en Banc*.

### **O R D E R**

This is an appeal of an Order and Memorandum Opinion of the Court

of Chancery granting summary judgment to the defendants in a challenge to

---

[*] Sitting by designation under Del. Const. art. IV, § 12.

a third-party cash merger. Because the Court of Chancery carefully reviewed the record and concluded that there was no evidence to support finding a non-exculpated breach of fiduciary duty, it properly granted summary judgment to the defendant directors.[1] The Court of Chancery also properly found that that there was no evidence of record that would support aiding and abetting liability against the buyer.

For these reasons, the decision of the Court of Chancery is AFFIRMED on the basis of its careful decision of February 3, 2014. IT IS SO ORDERED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[1] In a thorough decision, the Court of Chancery correctly held that no triable issues of material fact existed that would support a fair inference that the directors breached their *Revlon* duties as a result of their disloyalty, by giving weight in bad faith to some interest other than maximizing the sale price of the company. Redpoint Ventures received the same per share consideration as other stockholders, and would have stood to benefit materially if another bidder other than the ultimate purchaser had paid a higher price. When a large stockholder supports a sales process and receives the same per share consideration as every other stockholder, that is ordinarily evidence of fairness, not of the opposite, especially because the support of a large stockholder for the sale helps assure buyers that it can get the support needed to close the deal. *See e.g.*, *In re Synthes, Inc. Sholder Litig.*, 50 A.3d 1022, 1035 (Del. Ch. 2012) ("[W]hen a stockholder who is also a fiduciary receives the same consideration for her shares as the rest of the shareholders, their interests are aligned. . . . Controlling stockholders typically are well-suited to help the board extract a good deal on behalf of the other stockholders because they usually have the largest financial stake in the transaction and thus have a natural incentive to obtain the best price for their shares.").